**LAKELAND STORAGE ASSOCIATES;
Storage Concepts I, Plaintiffs–
Appellants,**

v.

**PUBLIC STORAGE MANAGEMENT,
INC., Defendant–Appellee.**

No. 92–1260.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Jan. 27, 1993.

Daniel P. Taber, Minneapolis, MN, argued, for plaintiffs-appellants.

Alan I. Silver, Minneapolis, MN, argued (Alan I. Silver and James C. Ohly, on the brief), for defendant-appellee.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Plaintiffs Lakeland Storage Associates and Storage Concepts I appeal the trial court's grant of summary judgment, dismissing breach of contract allegations against Defendant Public Storage Management, Inc. ("PSMI"), a subsidiary of Public Storage, Inc. ("Public Storage").

A review of the evidence reveals that Public Storage, Inc. was a California corporation that owned and operated mini-storage facilities throughout the United States. Lakeland was a partnership that owned a 400–unit mini-storage facility in Brooklyn Park, Minnesota. Storage Concepts I was a limited partnership that developed and owned a 546–unit mini-storage facility in West St. Paul, Minnesota. One managing partner supervised both facilities.

PSMI managed properties that Public Storage, Inc. developed or purchased and it also entered into management agreements with third-party owners to operate the owners' facilities in the name of Public Storage. The appellants entered into such a management agreement, hereinafter "Agreement," with PSMI. Pursuant to this Agreement, PSMI was given the responsibility to manage the appellants' property. The agreements gave PSMI broad and exclusive authority to manage both facilities.

On appeal, the appellants' major arguments are that the evidence was sufficient to prove that PSMI negligently performed its management services, breached an oral agreement to undertake a specific marketing program, and failed to act in good faith regarding the terms and conditions of occupancy.

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the Federal Circuit, sitting by designation.

PSMI advances a number of arguments in support of its position that summary judgment was properly granted, but we think that one of those is plainly dispositive of the entire case. Section 7 of the Agreement provides that "no indemnified person," which included PSMI, "shall be liable for anything it may do or refrain from doing hereafter, except in the cases of willful misconduct or gross negligence." It is clear to us that this clause exculpates PSMI with respect to any act that cannot be fairly characterized as willful misconduct or gross negligence. We have carefully examined the complaint and find in it nothing that could reasonably be said to rise to the required threshold of tortious activity. As we held in *LeSueur Creamery, Inc. v. Haskon, Inc.*, 660 F.2d 342 (8th Cir.1981), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982), the appellants chose to limit their liability under the contract and are bound by that undertaking.

Accordingly, we affirm.